BOWES, Judge.
Plaintiff appeals from a judgment of the Twenty-Fourth Judicial District Court denying his claim for damages because of the alleged breach of a sales contract. We reverse the decision of the trial court.
This suit arises out of multiple attempts by the plaintiff to buy certain real property in New Orleans, bearing the municipal number 4601 MacArthur Boulevard, and the sale of that real property to a third party, Mr. and Mrs. Tom Alexander.
Testimony at the trial established that between the middle of January, 1980, and the first part of March of that same year, plaintiff made three different offers to buy the apartments located at 4601 MacArthur Boulevard in New Orleans. All three offers were rejected by the sellers, through their agent, Charlene Keasler. During these unsuccessful negotiations, the relationship between Paul Fleming, real estate agent for the plaintiff, John Peterson, and Charlene Keasler deteriorated to such an extent as to prompt Henry Klein (an attorney seasoned in real estate law, who is one of the sellers of the property, as well as a defendant in this suit) to call a meeting in his office for Friday, March 14, 1980. The express pur *101 pose of this meeting was to receive and review the offers to purchase the property involved herein from the two competing buyers, Mr. Peterson and Mr. Alexander (the father-in-law of Charlene Keasler). It is undisputed that the contract submitted by Charlene Keasler on behalf of the Alexanders was rejected outright and that the contract submitted by the plaintiff, John Peterson, was accepted subject to what we consider some minor, insignificant, changes. The contract submitted by Mr. Peterson, containing these inconsequential changes, which were initialled by the sellers, was then signed by the sellers, and delivered to Mr. Fleming on the evening of Friday, March 14, 1980, the same date as the meeting.
Paragraph 14 of the sales contract, entitled “Duration”, reads as follows: “This offer by purchaser shall remain open through March 14, 1980. Failure of Seller to timely accept this offer shall result in automatic termination of this offer” [emphasis ours]. There is no doubt whatsoever that the “Seller(s)” did timely accept the offer to purchase and therefore any argument that the offer had expired by its own terms before the “earnest money” was conveyed to the sellers is totally without merit.
The Contract of Sale, which is in evidence, shows the signatures of all the sellers, the proposed buyer, Mr. Peterson, and two witnesses. The date below each seller’s signature and that of Mr. Peterson is March 14, 1980.
Paragraph 9 of that contract states:
9. Earnest Money — Upon execution of this Agreement, Purchaser shall deposit in escrow with Keasler & Alexander the sum of Twenty Thousand ($20,000.00) dollars in earnest money. At the time the sale is consummated, the said deposit, together with any additional deposits shall be applied as part payment to the cash portion of the purchase price referred to in paragraph 2.2 hereof. If the sale is not consummated in accordance with the terms and conditions of this Contract because of Purchaser’s refusal to fulfill its obligations hereunder, then said deposit shall be forfeited to Seller as liquidated damages in full settlement and release of all claims by Seller against Purchaser for such default; otherwise such deposit shall be immediately returned to Purchaser upon request. Nothing contained herein shall be construed to eliminate or limit Purchaser’s right to sue for and obtain damages caused by Seller’s default or to sue for specific performance of Seller’s obligations hereunder.
The concept of earnest money is found in LSA C.C. art. 2463:
Earnest money, effect. But if the promise to sell has been made with the giving of earnest, each of the contracting parties is at liberty to recede from the promise; to wit: he who has given the earnest, by forfeiting it; and he who has received it, by returning the double.
The jurisprudence of the state tells us that, unless expressly provided otherwise by the parties, any deposit or payment tendered in connection with a contract to sell will be deemed earnest money.
The Louisiana Supreme Court in Chauvin v. Bohn, 411 So.2d 442 (La.1982) stated:
... It is the writing and the words that are important in the sale of immovables, not extrinsic evidence.
“Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.” C.C. 2276
In light of the prohibition in this article, the court is constrained to an examination of the instrument itself; ...
An examination of the instrument itself — and the writing and the words — as well as all the evidence in the case before us, shows a completed contract signed on March 14, 1980, by both buyer and sellers; no documentation of any attempt by either party to retreat or withdraw from the contract before March 19,1980; and an unconditional acceptance by Henry L. Klein of the earnest money, called for in the contract, on March 19, 1980.
*102 This court feels that as of March 14,1980, there was a legal binding contract of sale between buyer and sellers.[1] Even if, in arguendo, the contract was not binding until the delivery of the earnest money, then the contract became binding upon the unconditional acceptance of the earnest money [2] by Mr. Klein on March 19, 1980.
Defendants first attempt to withdraw from the sale of the property to plaintiff was by their letter dated March 24, 1980. Unfortunately for them, by that time, it was too late to withdraw without penalty. Thereafter, on March 26, 1980 defendants entered into an agreement with the Alexanders to sell the property to them, thus actively breaching their contract of March 14 (or 19), 1980, with Mr. Peterson. We note, with considerable question, that the difference in the two offers was almost the exact difference that the real estate agent, Charlene Keasler, the daughter of the second offeror, received in a commission for this very sale.
Accordingly, we reverse the judgment of the trial court and enter judgment in favor of plaintiff and against defendants, jointly, severally and in solido for the full sum of Twenty thousand and 00/100 ($20,000.00) dollars, together with legal interest thereon from date of judicial demand until paid and for all costs of the proceedings in the District Court. Appellee is to bear the cost of this appeal.
REVERSED.

. Art. 2456. Completion of contract by agreement as to object and price. The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid.

. Art. 1801. Presumed continuity of offer until acceptance. The party proposing shall be presumed to continue-in the intention, which his proposal expressed, if, on receiving the unqualified assent of him to whom the proposition is made, he do [sic] not signify the change of his intention.